**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CRANBERRY PROMENADE, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 09-1242 |
| ) | Judge Nora Barry Fischer |
| CRANBERRY TOWNSHIP, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

This matter involves a dispute related to a proposed commercial retail development in Cranberry Township between Plaintiffs Cranberry Promenade, Inc., NAP Associates, Inc., NAP Associates 2, Inc., and Thomas W. Petrarca, d/b/a The Petrarca Companies (collectively, "Plaintiffs") and Defendants Cranberry Township, Richard Hadley, John Skorupan, John W. Milius, Dave Root, Bruce Mazzoni, Ron Henshaw and John K. Trant, Jr. (collectively, "Defendants"). Plaintiffs allege that Defendants, Cranberry Township and its employees and elected officials, have fraudulently thwarted their retail development in favor of a development plan for a contingent parcel, the developer of which has promised millions of dollars in infrastructure improvements to Cranberry Township in conjunction with its plan. (Docket No. 1). Plaintiffs contend that the Defendants' actions are criminal in nature and have asserted claims against them for civil violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"), among others. (*Id.*). Specifically, Plaintiffs allege the following: a RICO claim under 18 U.S.C. § 1962(c) for injury to their business or property resulting from the Defendants' pattern of racketeering activity;

1

a claim for RICO conspiracy under 18 U.S.C. § 1962(d), alleging a conspiracy to violate section 1962(c); a claim under 42 U.S.C. § 1983 for violations of their rights to equal protection under the laws, procedural due process and substantive due process; and, a claim for civil conspiracy under Pennsylvania law. (*Id*.). Presently before the Court is Defendants' Motion to Dismiss, wherein Defendants have moved to dismiss all of Plaintiffs claims. (Docket No. 14).

Defendants filed their motion to dismiss and brief in support on November 19, 2009, arguing that Plaintiffs' claims are barred by the applicable statutes of limitations, and otherwise have failed to meet the pleading standards under Rules 8 and 9(b) of the Federal Rules of Civil Procedure. (Docket Nos. 14, 15). Defendants also claim immunity from suit with respect to Plaintiffs' state law civil conspiracy claim and Cranberry Township contends that it cannot be subject to liability for RICO violations. (Docket No. 15). In response, Plaintiffs filed their brief in opposition on December 14, 2009, conceding only that Cranberry Township is afforded immunity from suit under Pennsylvania law with respect to the civil conspiracy claim, but arguing that the remainder of their claims are not barred by the statutes of limitations and are properly pled. (Docket No. 19). Thereafter, Defendants filed their reply brief on December 24, 2009, rebutting many of the Plaintiffs' arguments and contending that the Court should disregard the Plaintiffs' brief in opposition as untimely filed. (Docket No. 21).

Upon consideration of the parties' submissions, the arguments raised during oral argument on January 20, 2010, the allegations in the Plaintiffs' Complaint,[1] and in light of the applicable pleading requirements under Rule 8, *see Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.

---

[1] As the parties are well aware of the factual allegations in this case, for brevity, a detailed recitation of same is not provided.

2

2009); Rule 9(b) as to the allegations of fraud, *Lum v. Bank of America*, 361 F.3d 217, 223-24 (3d Cir. 2004)(heightened pleading under Rule 9(b) applies to RICO claims based on allegations of wire/mail fraud); and the standard for a motion to dismiss under Rule 12(b)(6), *see Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937 (2009), *Fowler*, 578 F.3d at 210, Defendants' motion to dismiss [14] is granted, in part and denied, in part.

1.     *Timeliness of Plaintiffs' Brief in Opposition*

At the outset, the Court addresses the timeliness of the filing of Plaintiffs' brief in opposition to the Defendants' motion to dismiss.  The Court will not strike Plaintiffs' brief in opposition as untimely filed and grant Defendants' motion to dismiss for lack of opposition.  Under a liberal reading of Rule 6(d), Plaintiffs' submission on Monday, December 14, 2009 in response to the Defendants' motion filed on November 20, 2009, was timely made.  *See* FED.R.CIV.P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)").  Moreover, this Court is required to consider the merits of Plaintiffs' allegations in their complaint when ruling on Defendants' motion to dismiss under Rule 12(b)(6), even if unopposed. *See Husick v. Allegheny County*, 304 Fed.Appx. 977, 979 (3d Cir. 2008)(not precedential) ("a Rule 12(b)(6) motion should not be granted without an analysis of the merits of the underlying complaint notwithstanding local rules regarding the granting of unopposed motions.").  Accordingly, the Court will consider Plaintiffs' submission as timely filed.  The Court now turns to the merits of Plaintiffs' claims.

2.     *Statute of Limitations Defenses*

Defendants next argue that Plaintiffs' claims should be dismissed based on the applicable

3

statutes of limitations. A grant of a motion to dismiss may be premised on statute of limitations grounds only if the bar is apparent on the face of the complaint. *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002)("If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)."). The statute of limitations for civil RICO claims is four years, *see e.g., Agency Holding Corp. v. Malley-Duff Assocs.*, 483 U.S. 143, 156 (1987); *Forbes v. Eagleson*, 228 F.3d 471, 483 (3d Cir. 2000), but the statute of limitations is not triggered until Plaintiffs "knew or should have known of their injury" as well as the source of their injury, *Prudential Ins. Co. of America v. U.S. Gypsum Co.*, 359 F.3d 226, 233 (3d Cir. 2004)(citing *Forbes*, 228 F.3d at 485). The RICO statute of limitations may also be tolled if Plaintiffs demonstrate fraudulent concealment. *Forbes*, 228 F.3d at 486-87. A two year statute of limitations applies to Plaintiffs' § 1983 claim, *Cowell v. Palmer Tp.*, 263 F.3d 286 (3d Cir. 2001), and Pennsylvania civil conspiracy claim, *Kingston Coal Co. v. Felton Min. Co., Inc.*, 456 Pa.Super. 270, 277 n1 (Pa.Super.Ct. 1997); 42 Pa.C.S.A. § 5524(7). The discovery rule and equitable tolling doctrines may also be available to toll these statutes of limitations. *See e.g., Murray v. DiGuglielmo*, 2010 WL 381557, at *1 (3d Cir. Feb. 1, 2010)(not precedential)(discovery rule applies to § 1983 claims); *Crawford v. Washington County CYS*, 2009 WL 4048862 (3d Cir. Nov. 24, 2009)(not published)(continuing violation doctrine may apply to § 1983 claims); *Pocono Intern. Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 85 (Pa. 1983)(discovery rule under Pennsylvania law).

Plaintiffs' Complaint contains detailed factual allegations of Defendants' conduct which occurred during the period of 2002-2009, and they attach voluminous exhibits in support of same, the communication of which by Defendants allegedly constitutes wire and/or mail fraud. (*See generally* Docket No. 1). In this Court's estimation, given these allegations and the potential

4

applicability of the discovery rule and other tolling doctrines to any statute of limitations, it is not clear from the face of the complaint that Plaintiffs' claims are time-barred.  *See Robinson*, 313 F.3d at 134-35; *see also Magnum v. Archdiocese of Philadelphia*, Civ. A. No. 06-2589, 2006 WL 3359642, at *12 (E.D.Pa. Nov. 17, 2006)(denying motion to dismiss RICO claims based on statute of limitations).  Accordingly, Defendants' motion to dismiss based on the statute of limitations defenses is denied, without prejudice to Defendants later raising the statute of limitations as a defense to Plaintiffs' claims.

3.     *RICO Claims*

Plaintiffs have alleged claims against Defendants under RICO sections 1962(c) and 1962(d). *See* 18 U.S.C. §§ 1964(c), 1962(c), 1962(d).  Defendants raise several arguments in support of their motion to dismiss the RICO claims.  Many of the arguments relate to alleged pleading deficiencies, while their final  argument pertains to the liability of Cranberry Township, a municipality, for RICO violations.

With respect to the alleged pleading deficiencies, the Court has carefully considered the parties' arguments and, after accepting the allegations in the Complaint as true, finds that the Plaintiffs have set forth sufficient factual allegations to state a claim for relief under RICO "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In so holding, the Court notes the following.

The Plaintiffs have sufficiently alleged injuries to their businesses or properties which were proximately caused by the Defendants in order to establish standing under RICO, *see Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000)(citations omitted)(discussing requirements to establish standing under RICO), and have adequately set forth facts in support of the elements of a RICO

action under section 1962(c), that is "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Kuznyetsov v. West Penn Allegheny Health System, Inc.*, Civil A. No. 09-379, 2009 WL 2175585, at *5 (W.D.Pa. 2009)(citing *Sedima, S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985)).  Plaintiffs have also met the requirement that they sufficiently plead two predicate acts which are indictable under federal law in order to support their allegation of a "pattern of racketeering activity," 18 U.S.C. §§ 1961(1), 1961(5), as they have clearly pled more than two alleged violations of the mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343, respectively, and those allegations are pled with specificity in accord with Rule 9(b).[2] *See Lum v. Bank of America*, 361 F.3d at 223-24.  Therefore, as in excess of two predicate acts have been pled, the Court expressly declines to address the Defendants' argument that violations of 18 U.S.C. § 1346, theft of honest services, and 18 U.S.C. § 1951, extortion, cannot support a RICO claim under sections 1962(c) or 1962(d).

The Plaintiffs' allegations of a RICO conspiracy claim also survive dismissal under Rule 12(b)(6).  *See Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989)(to state a claim for RICO conspiracy under section 1962(d), "a plaintiff must allege (1) agreement to commit the predicate acts of fraud, and (2) knowledge that those acts were part of a pattern of racketeering activity conducted in such a way as to violate section 1962(a), (b), or (c)," and "[t]he allegations must be sufficient to 'describe the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in that conspiracy.'")(citations and quotations omitted).  Accordingly, Defendants'

---

[2]

For the reasons discussed *infra*, a RICO claim cannot be maintained against Cranberry Township.  Therefore, the Court need not address whether a municipality is "capable of forming the criminal intent necessary to commit any of the predicate acts of racketeering identified in section 1961(1)." *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 907 (3d Cir. 1991).

motion to dismiss Plaintiffs' RICO claims on these bases is denied.

The Court now turns to Defendant Cranberry Township's immunity argument. In *Genty v. Resolution Trust Corp.*, 937 F.2d 899 (3d Cir. 1991), our Court of Appeals held that "a civil claim brought under section 1964(c) of the RICO Act, with its mandatory award of treble damages which are punitive in character, cannot be maintained against a municipal corporation." Plaintiffs acknowledge *Genty*, but argue that its holding is undermined by the Supreme Court's decision in *PacifiCare Health Systems, Inc. v. Book*, 538 U.S. 401 (2003), permitting them to maintain their RICO causes of action against Cranberry Township. Upon consideration of the parties' arguments, the Court is not persuaded that our Court of Appeals would reconsider *Genty* in light of the decision in *PacifiCare*. *PacifiCare* did not address the precise issue before this Court, whether a municipality can be liable under RICO as the award of treble damages is mandatory, but briefly discussed whether the RICO treble damages provision was punitive in nature in a case involving the interpretation of a punitive damages provision in an arbitration clause. *PacifiCare*, 538 U.S. at 405-08. In so holding, the Supreme Court cited its prior decisions in *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 151 (1987), and *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 241 (1987) for support. *Id.* The decisions in both *Agency Holding* and *Shearson/American Express* are also cited by our Court of Appeals in *Genty* and their respective discussions regarding the nature of the RICO treble damages provision were presumably considered. *Genty*, 937 F.2d 899. Moreover, although it does not appear that the effect of *PacifiCare* on *Genty* has been argued by other litigants, our Court of Appeals has continued to cite *Genty* with approval for the proposition that a RICO cause of action cannot be maintained against municipalities after *PacifiCare* was decided. *See e.g., Kadonsky v. New Jersey*, 188 Fed. Appx. 81, 84-5 (3d Cir. 2006)(not precedential);

7

*Heinemeyer v. Township of Scotch Plains*, 198 Fed.Appx. 254 (3d Cir. 2006)(not precedential). District courts have continued to do to the same. *See e.g., Kovalev v. City of Philadelphia*, Civ. A. No. 07-4875, 2008 WL 5377625, at *7 (E.D.Pa. Dec. 23, 2008); *Washington v. Township of Hillside City Council*, Civ. A. No. 06-3102, 2008 WL 2683360, at *15 (D.N.J. July 2, 2008); *Pascocciello v. Interboro School District*, Civ. A. No. 05-5039, 2006 WL 1284964, at *7 (E.D.Pa. May 8, 2006). For these reasons, the Court believes that *Genty* remains binding Third Circuit precedent, and will follow its holding.  Accordingly, Cranberry Township's motion to dismiss Plaintiffs' RICO claims against it is granted and said claims are dismissed, with prejudice, as any amendment of this claim would be "futile."  *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)(leave to amend is not required if amendment would be futile).

4.      *42 U.S.C. § 1983 Claims*

        Plaintiffs have alleged a single section 1983 claim, although they claim violations of three separate federal rights, those to procedural due process; substantive due process; and equal protection of the laws.  Defendants have moved to dismiss each for failure to state a claim under Rule 12(b)(6).[3] Upon consideration of the parties' arguments, Defendants' motion to dismiss said claims is denied.

        As to the procedural due process claim, Defendants do not challenge that Plaintiffs have sufficiently pled that a deprivation of a constitutionally protected liberty or property interest occurred.  Instead, they argue that Plaintiffs' procedural due process claim is deficient because Plaintiffs have failed to take advantage of the procedures available to them under Pennsylvania law, an appeal of the land use decisions under 53 P.S. § 11001-A, and, alternatively, that Plaintiffs have

---

[3]        The Court notes that the Defendants have not raised qualified immunity as a defense to the § 1983 claims.

not exhausted this process as an appeal remains pending.  Defendants have not persuaded the Court

that dismissal is warranted on either basis.  Their arguments ignore the timing of the constitutionally

protected injury, a critical fact, and they do not delineate between a procedural due process claim

arising from a deprivation which requires a predeprivation or a postdeprivation process, each of

which are evaluated under different legal standards.  *See generally Elsmere Park Club, L.P. v. Town*

*of Elsemere*, 542 F.3d 412 (3d Cir. 2008); *see also Whittaker v. County of Lawrence*, --- F.Supp.2d

---, 2009 WL 4744392, at *21-24 (W.D.Pa. Dec. 7, 2009).  An aggrieved individual can bring a §

1983 claim for a deprivation which requires a predeprivation process immediately, as the harm to

that individual from the alleged due process violation has already occurred.  If the deprivation

requires only a postdeprivation process, an individual must generally avail himself of the

postdeprivation process which is made available to him, unless those procedures are unavailable or

patently inadequate, because the harm has yet to occur.  *See Alvin v. Suzuki*, 227 F.3d 107, 116 (3d

Cir. 2000).  Therefore, exhaustion of administrative remedies is not generally required of § 1983

claims, but the harm must occur prior to bringing suit alleging a violation of procedural due process.

*Elsmere Park*, 542 F.3d at 424. As the parties have not addressed whether a predeprivation procedure

was required, or the adequacy of the postdeprivation procedures, considering the factual allegations

in the Complaint, wherein Plaintiffs potentially allege a taking without any process being afforded

to them, i.e., the changes to the official township maps which affected their properties, (*see* Docket

No. 1 at ¶¶ 31, 57-60), the Court cannot dismiss Plaintiffs' claim, with prejudice, as Defendants

suggest.

    With respect to the substantive due process claim, Defendants argue that the conduct alleged

in the Complaint does not rise to the level of "conscience shocking" as is required to maintain a

substantive due process claim resulting from executive action.  Plaintiffs contend that dismissal on this basis is inappropriate at the motion to dismiss stage.  This Court recently addressed the appropriate standard for "conscience shocking" at length in *Whittaker v. County of Lawrence*, and recognized that "[t]he point at which conduct becomes conscience-shocking for constitutional purposes is a question of law for a court to decide, not a question of fact amenable to resolution by a jury." *Whittaker v. County of Lawrence*, --- F.Supp.2d ---, 2009 WL 4744392, at *25-28 (W.D.Pa. Dec. 7, 2009)(citations omitted).  While the Court dismissed the plaintiffs' substantive due process claims in *Whittaker* at the motion to dismiss stage, the Court did so with the benefit of a complete record which was developed in state proceedings arising from a taking of property after the defendants' exercise of eminent domain power.  No such record is present in this case.  Moreover, Plaintiffs' allegations of the Defendants' fraud, extortion and self-dealing arguably *could* rise to the level of "conscience shocking."

Defendants also argue that Plaintiffs' equal protection claim fails because they have not alleged any other persons similarly situated to them that were treated differently, "i.e. an approved development that placed a building on a reserved road."  (Docket No. 15 at 18-19).   In so arguing, they take a narrow view of others "similarly situated" in the context of this case.  Defendants are correct that "to state a claim for class of one equal protection, a plaintiff must at a minimum allege that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment." *Phillips*, 515 F.3d at 243.  However, Plaintiffs' equal protection claim is not wholly reliant on the fact that they were treated differently than others due to the presence of the reserved road on their properties.  They contend that the Cranberry Woods Office Park, developed by Westinghouse, is similarly situated in that this development is across

10

Route 228 from the Plaintiffs' properties and was under review by the Township during the same time period.  Plaintiffs argue that the approval of their development was conditioned on their completion of traffic studies and construction of road improvements while Westinghouse's was not. These allegations are sufficient to overcome the Defendants' motion to dismiss.

For these reasons, the Defendants' motion to dismiss the § 1983 claim is denied.

5.    *Civil Conspiracy Claims*

Plaintiffs concede that Defendant Cranberry Township is immune from their state law civil conspiracy claim pursuant to the Political Subdivision Tort Claims Act, ("PSTCA"), specifically 42 Pa.C.S. § 8541.  Accordingly, Plaintiffs' civil conspiracy claim against Defendant Cranberry Township is dismissed, with prejudice.

The remaining Defendants, elected officials and Township employees, also raise immunity under the PSTCA as a defense.  However, "while municipal employees are generally immune from liability to the same extent as their employing agency," *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006)(citing 42 Pa.C.S. § 8545), there is an exception to the immunity afforded municipal employees for acts that "constitute[ ] a crime, actual fraud, actual malice or willful misconduct" under 42 Pa.C.S. § 8550.  In this Court's estimation, Plaintiffs have sufficiently alleged that the individual defendants have engaged in at least willful misconduct as they have alleged that the Defendants have committed intentional torts.  *See Sanford*, 456 F.3d at 315 (quoting *Renk v. City of Pittsburgh*, 537 Pa. 68, 641 A.2d 289, 293 (1994))(willful misconduct under section 8550 is synonymous with an intentional tort).  Therefore, as the exception is potentially applicable, the individual Defendants are not entitled to immunity at this stage.

Finally, as with the Plaintiffs' RICO conspiracy claim, Plaintiffs' allegations of civil

11

conspiracy are sufficiently pled in order to withstand dismissal under Rule 12(b)(6). *See Phillips v. Selig*, 959 A.2d 420, 437 (Pa.Super. 2008)("The essential elements of a claim for civil conspiracy are as follows: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage."). Accordingly, the individual Defendants' motion to dismiss the civil conspiracy claim is denied.

6.      *Conclusion*

Based on the foregoing, it is hereby ORDERED that Defendants' motion to dismiss [14] is GRANTED IN PART AND DENIED IN PART. It is granted to the extent that Plaintiffs' RICO and civil conspiracy claims against Cranberry Township are dismissed, with prejudice. It is denied in all other respects. Plaintiffs are entitled to discovery of their remaining claims. Case Management Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   February 22, 2010

cc/ecf:  All counsel of record.

12