**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CRANBERRY PROMENADE, INC., ET. AL., | ) | |
| | ) | |
| Plaintiffs, | ) | NO. CA 09-1242-NBF |
| | ) | |
| Vs. | ) | **MOTION OF JOEL P. AARONSON,** |
| | ) | **ESQ. AND REED SMITH LLP TO** |
| CRANBERRY TOWNSHIP, ET. AL. | ) | **QUASH OR MODIFY SUBPOENA** |
| | ) | **DUCES TECUM** |
| Defendants. | ) | |
| | ) | |

**Motion of Joel P. Aaronson, Esq. and Reed Smith LLP to**
**Quash or Modify Subpoena Duces Tecum**

Joel P. Aaronson, Esq. ("Aaronson") and Reed Smith LLP ("Reed Smith") by their

undersigned attorneys, hereby file this motion to quash or modify the third-party subpoena duces

tecum ("Subpoena"), attached hereto as Exhibit 1, served upon them by Defendants in the above-

captioned action (the "Motion").  In support of the Motion, Aaronson and Reed Smith state as

follows:

1.        As set forth more fully herein, the Subpoena may seek discovery of information

and documents protected by the attorney-client privilege and/or the work product privilege.

Under Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure, insofar as the Subpoena

does so, it must be quashed or modified.  In addition, certain document requests in the Subpoena

are not limited as to time frame or subject matter.  Aaronson and Reed Smith therefore

respectfully request that the Court quash or modify the Subpoena.

2.        Plaintiffs in the within case, filed in September 2009, allege civil rights and RICO

claims against the Defendants. Plaintiffs allege that Defendants improperly failed to approve

their development of valuable property in Cranberry Township, Pennsylvania because they

improperly favored another developer which wanted to use the property owned by Plaintiffs for

their own development. Defendants' motion to dismiss Plaintiffs' claims was denied in all

respects, except that claims against Cranberry Township were dismissed with prejudice by Order

dated February 22, 2010.

3.      Reed Smith was counsel to Plaintiffs in the underlying approval proceedings upon

which the within action is based and also originally was counsel to Plaintiffs in the within case.

Aaronson was the lead attorney for Plaintiffs in the underlying approval proceedings. In May

2010, with the permission of the Court, Reed Smith and Aaronson withdrew as counsel for

Plaintiffs.

4.      Discovery in the above action has been ongoing for more than a year. Defendants

were aware of Reed Smith and Aaronson's involvement in the underlying case, had raised the

possibility of calling Aaronson as a witness nearly a year ago, and could have sought discovery

from Aaronson and Reed Smith with reasonable notice and on a reasonable schedule.

5.      Instead, on February 2, 2011, apparently near the end of discovery, Defendants

served the Subpoena on Aaronson and Reed Smith. In addition to requesting a deposition of

Aaronson and Reed Smith, as set forth in the Addendum to Exhibit 1 hereto, the Subpoena seeks

production of the following documents:

> i. the most recent invoice, invoice related correspondence and any
> agreements concerning payment plans for services rendered or performed
> for Thomas W. Petrarca and/or Cranberry Promenade, Inc., NAP
> Associates, Inc., NAP Associates 2, Inc. and Petrarca Management
> Corporation by Reed Smith, LLP.  The purpose of this subpoena is to
> obtain the present outstanding balance owed to Reed Smith, LLP by
> Thomas W. Petrarca and/or any of the above listed Petrarca Companies.

> ii. any correspondence to or from Reed Smith, LLP, or anyone acting on
> behalf of Reed Smith, LLP, to or from any third-party involving Thomas
> W. Petrarca and/or Cranberry Promenade, Inc., NAP Associates, Inc.,
> NAP Associates 2, Inc., and Petrarca Management Corporation.

iii. any correspondence from Reed Smith, LLP, or anyone acting on behalf of Reed Smith, LLP, to Thomas W. Petrarca and/or Cranberry Promenade, Inc., NAP Associates, Inc., NAP Associates 2, Inc., Petrarca Management Corporation and/or Victor Hill, relaying any factual information received from a third-party.

6.      The second and third requests in the Subpoena are not limited as to time frame or subject matter, to which Aaronson and Reed Smith object.

7.      The Subpoena was served just before Aaronson was leaving the country until February 18. Aaronson therefore sent Defendants the objection attached hereto as Exhibit 2 on February 3, 2011, requesting that the response date be moved to the beginning of March 2010. This was an entirely reasonable objection and request given Aaronson's schedule, the last-minute nature of the Subpoena when any issue could have been addressed by Defendants many months earlier and the burdensome document request. *See Broussard v. Lemons*, 186 F.R.D. 396, 397 (W.D. La. 1999).

8.      In response, also included in the email exchange attached as Exhibit 2, Defendants were willing only to move the response date for documents to February 22, 2011 and the deposition to February 23, 2011.  The within Motion therefore is being filed in advance of such response date.  Defendants have not moved for an order seeking to enforce the Subpoena.

9.      Aaronson and Reed Smith also promptly advised Plaintiffs' current counsel of the fact that the Subpoena may implicate matters of privilege and confidentiality and of Plaintiffs' current counsel's responsibility to protect Plaintiffs' interests, including as to privilege and confidentiality. A copy of this notice is attached hereto as Exhibit 3.

10.      With Aaronson now returned, in accordance with these objections, Aaronson and Reed Smith will work diligently and in good faith to produce responsive non-privileged documents and to prepare for a deposition and, if necessary, also would promptly prepare a

privilege log.  Although Defendants have asked for a narrow set of documents; *i.e.*, primarily correspondence, and even if the requests are properly limited as to time frame and scope, identifying such correspondence will entail an extensive review of files in a matter that lasted approximately two years and involved approximately nine hearings or proceedings. Aaronson estimates that he has at least 500 pages of correspondence, including correspondence with Plaintiffs and/or expert consultants for Plaintiffs in the underlying case, a substantial portion of which either would be entirely privileged or would require careful, page-by-page or even line-by-line review and redaction to avoid the disclosure of privileged information.

11.     Notwithstanding the notice to Plaintiffs' current counsel set forth in Exhibit 3 hereto, as a matter of caution, in these circumstances, Aaronson and Reed Smith have four concerns which necessitate the filing of the within Motion.

12.     First, the Subpoena's third and possibly the first document requests could be read to seek production of documents containing privileged communications between Aaronson and Reed Smith and their clients in the underlying case.  Such an intrusion into attorney-client communications would be unwarranted.  *See* Fed. R. Civ. P. 45(c)(3)(A)(iii) (mandating that Courts quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies"); *see also* Fed. R. Civ. P. 26(b)(4)(C) (providing work-product protection for attorney-expert communications regardless of the form of the communications, whether oral, written, electronic, or otherwise); Fed. R. Civ. P. 26(b)(1) (limiting discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense"); Pa. R. Civ. P. 4003.3.  Any such documents would require redaction to protect privileged information, an unreasonable and unduly burdensome undertaking.  *See infra*, paragraph 13.  These requests should be quashed in their entirety except that, unless Plaintiffs'

current counsel separately objects, Aaronson and Reed Smith would produce the invoice

showing the amount due Reed Smith from Plaintiffs and any payment plan with respect thereto,

without any privileged information relating thereto.  At a minimum, responding to such requests

would require substantial additional time to make such redactions as are necessary to protect

against disclosure of privileged information, and to prepare a privilege log, and Aaronson and

Reed Smith alternatively request an additional 45 days within which to do so.

13.     Second, the Subpoena's second document request could be read to seek

production of documents involving communications between Aaronson and Reed Smith and

Plaintiffs' expert consultants in the underlying case.  If so, these communications--many of

which relate to the investigations by and preparation of those expert consultants in connection

with approximately nine hearings or proceedings related to the proposed development of the

property at issue -- include information that is privileged and protected from disclosure in

discovery and would be unduly burdensome to review, especially given that Defendants have not

articulated a need for documents from the files of former opposing counsel, and given the

unspecified time period and subject matter discussed above.  *See* Fed. R. Civ. P. 45 (c)(3)(A)(iv);

*see also In re Automotive Refinishing*, 229 F.R.D. at 495 (limiting subpoena requests which,

though relevant, were very broad and spanned an extensive time period).  To the extent the

Subpoena seeks production of such privileged documents and work product it must be quashed

or modified.  *See* Fed. R. Civ. P. 45(c)(3)(A)(iii) (mandating that Courts quash or modify a

subpoena that "requires disclosure of privileged or other protected matter, if no exception or

waiver applies"); *see also* Fed. R. Civ. P. 26(b)(4)(C) (providing work-product protection for

attorney-expert communications regardless of the form of the communications, whether oral,

written, electronic, or otherwise); Pa. R. Civ. P. 4003.3 (stating that "discovery shall not include

disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories" and as to a party's representative, including experts, "discovery shall not include disclosure of his or her mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics"); Pa. R. Civ. P. 4003.5 (permitting discovery only of the "substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion").  Alternatively, Aaronson and Reed Smith request an additional 45 days within which to redact any privileged documents and provide a privilege log.

14.     Third, the Subpoena's second and third document requests are not limited as to time frame or subject matter, rendering them overly burdensome for these reasons in addition to those discussed above.  *See* Fed. R. Civ. P. 45 (c)(3)(A)(iv) (mandating that a Court must quash or modify a subpoena that "subjects a person to undue burden"); *see also In re Automotive Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482, 495 (E.D. Pa. 2005) (considering, *inter alia*, the breadth of the document request, and the time period covered by it as part of the undue burden analysis).

15.     Fourth, any deposition of Aaronson should be limited and scheduled in accordance with the foregoing objections, and Defendants should be prevented from seeking discovery of privileged information or documents.

16.     Plaintiffs' counsel has advised counsel for Aaronson and Reed Smith that Plaintiffs join in the Motion.

17.     As set forth more fully in the attached notice of having conferred with Defendants' counsel and counsel for Plaintiffs.  The parties were able to narrow the matters in dispute but have not been able to resolve all matters in dispute.

Wherefore Aaronson and Reed Smith respectfully request that the Court enter an Order in the form attached hereto granting the Motion. Given the alternative requests above, alternative proposed provisions are included for the Court's consideration.

Respectfully submitted,

/s/ Michael E. Lowenstein
Michael E. Lowenstein
PA 34880
Jeffrey M. Weimer
PA 208409

REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222
Telephone:  412-288-4226/7284/7981
Fax:  412-288-3063

Counsel for Joel P. Aaronson, Esq. and Reed Smith LLP

Dated: February 21, 2011

7

CRANBERRY PROMENADE, INC., ET. AL.,   )

                   )

              Plaintiffs,    )   NO. CA 09-1242-NBF

                   )

       Vs.          )   **MOTION OF JOEL P. AARONSON,**

                   )   **ESQ. AND REED SMITH LLP TO**

CRANBERRY TOWNSHIP, ET. AL.    )   **QUASH OR MODIFY SUBPOENA**

                   )   **DUCES TECUM**

           Defendants.   )

                   )

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2011, I electronically filed the foregoing document with the clerk of court for the United States District Court, Western District of Pennsylvania, using the electronic case filing system of the court.  The electronic case filing system will send notification of such filing to all counsel of record.  Counsel may access such document using the Court's system.

This 21st day of February, 2011.

                       /s/ Michael E. Lowenstein

                       Michael E. Lowenstein

                       Counsel for Joel P. Aaronson, Esq.

                       and Reed Smith LLP